Christopher G. Beckom, Esq., SBN 306557
Law Offices of Christopher Glenn Beckom
1307 W. 6th Street, Suite 223
Corona, California 92882
Christopher.beckom@gmail.com
Attorney for Plaintiff,
LEAH HANRAHAN

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH HANRAHAN,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>STATEWIDE COLLECTION, INC.,<br><br>　　　　　Defendant. | **Case No.:**<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, Leah Hanrahan ("Plaintiff"), hereby alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 USC § 1692 (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* (hereinafter "the Rosenthal Act" or "RFDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 13 U.S.C. §1367.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Eureka, California. Plaintiff is both a natural person and a consumer.

5. Statewide Collection, Inc. (hereinafter "Defendant") is a corporation doing business in the State of California, with its corporate address as 2509 South Stoughton Road, Madison, Wisconsin 53716. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. Plaintiff incurred a medical debt with Mad River Hospital.

7. After failing to make payment on the debt, the creditor sent Plaintiff's bill to Defendant for collection.

8. To that end, Defendant sent Plaintiff a collection letter attached as exhibit A.

9. The letter is false, deceptive and misleading.

10. The letter threatens that Plaintiff could be found responsible for attorney's fees and costs.

11. In order for a debt collector to collect attorney's fees and costs, the agreement with the original creditor must allow for such fees, or the fees must be expressly permitted by law.

12. Upon information and belief, the contract with the original creditor does not provide for such fees to be sought from Plaintiff.

13. Further, California law, contrary to Defendant's misrepresentations, does not provide for these fees either.

14. Thus, Defendant's letter is false and misleading.

15. Even more so however, Defendant made another false threat about Plaintiff's credit.

16. Specifically, Defendant threatens that if a judgment is obtained against Plaintiff, it will be reported to each of Equifax, TransUnion and Experian, and it will remain there for seven years.

17. At the time Plaintiff received this letter, she was heavily focused on repairing her credit, and this threat was especially egregious. To avoid this negative effect, Plaintiff paid the debt.

18. In truth, as early as July 2017, each of Equifax, TransUnion, and Experian stopped reporting public records information on their credit reports. Thus, Defendant's letter was false and misleading.

**COUNT II**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 USC § 1692 *et seq.***

19. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

20. Defendant's false and deceptive representations violated 15 USC § 1692e, e(2), and e(10).

21. Said conduct also violates 15 USC § 1692f.

22. Defendant's actions were knowing and willful.

23. As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,**
**CALIFORNIA CIVIL CODE §§ 1788.17**

42. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

43. Defendant has engaged in harassing conduct against Plaintiff in violation of 15 USC §§ 1692e and 1692f.

44. The Rosenthal Act, California Civil Code § 1788.17, requires every debt collector (Defendant) attempting to collect a consumer debt to comply with the provisions of "Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code."

45. Accordingly, Defendant's conduct violates the Rosenthal Act.

46. Defendant's actions were knowing and willful.

47. As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff seeks actual damages, statutory damages, costs, interest, attorney's fees, and such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

48. Plaintiff demands a jury trial on all issues so triable.

Dated: January 7, 2018.

/s/ Christopher G. Beckom

Christopher G. Beckom, Esq., SBN 306557
Law Offices of Christopher Glenn Beckom
1307 W. 6th Street, Suite 223
Corona, California 92882
Christopher.beckom@gmail.com
Attorney for Plaintiff,
LEAH HANRAHAN