IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH HANRAHAN, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATEWIDE COLLECTION, INC.,<br><br>Defendant. | Case No. 19-cv-00157-MMC<br><br>**ORDER VACATING HEARING ON PLAINTIFF'S MOTION TO STRIKE; GRANTING PLAINTIFF'S MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is plaintiff Leah Hanrahan's ("Hanrahan") "Motion for Partial Summary Judgment," filed September 8, 2020. Defendant Statewide Collection, Inc. ("Statewide") has filed opposition, to which Hanrahan has replied. The matter came on regularly for hearing on November 13, 2020. Daniel Zemel of Zemel Law, LLC appeared on behalf of Hanrahan; Mark Ellis of Ellis Law Group LLP appeared on behalf of Statewide. On November 20, 2020, and December 1, 2020, respectively, Statewide and Hanrahan filed supplemental briefing, and, in connection therewith, Hanrahan moved to strike two paragraphs of Statewide's supplemental brief; Statewide has not filed a response.[1]

Having considered the above-referenced written submissions, as well as the arguments of counsel at the November 13 hearing, the Court rules as follows.

**BACKGROUND**

In the operative complaint, the First Amended Complaint ("FAC"), Hanrahan alleges that, after she "incurred a medical debt with Mad River Hospital," her "bill" was sent to Statewide for collection. (See FAC ¶¶ 6-7.) Hanrahan further alleges that

---

[1] The Court deems the Motion to Strike suitable for determination on Hanrahan's written submission and vacates the hearing scheduled for January 8, 2021; for the reasons set forth by Hanrahan, the motion is GRANTED.

Statewide thereafter sent her a collection letter, dated January 23, 2018, which provided, in relevant part, as follows:

> Re: Mad River Hospital $1958.79
>
> This is an attempt to collect a debt; I am a debt collector & counsel for Statewide Collection, Inc.  My client has previously delivered notice to you regarding the above referenced account(s).  As of today you have not satisfied the obligation(s) and I have been retained to review this matter for possible litigation.  You now have TEN DAYS to make payment arrangements with my client.
>
> . . .
>
> If a judgment is entered it will be reported on your client's credit with **Equifax, TransUnion & Experian** for seven years and if not satisfied, renewed for another seven years accumulating interest at 10% per year and continuing with the reporting on your individual credit report as a negative credit rating.

(See Compl. Ex. A (emphasis in original).)

According to Hanrahan, the above-described collection letter "is false, deceptive and misleading" (see FAC ¶ 9) to the extent it (1) "threatens that if a judgment is obtained against [her], it will be reported to each of Equifax, TransUnion and Experian, and it will remain there for seven years" (see id. ¶ 16), and (2) "implies that after the seven years of negative reporting is complete, [Statewide] will then renew the judgment resulting in it reporting for an additional seven years" (see id. ¶ 19).  Hanrahan alleges that, after receiving the letter, she paid the debt.  (See id. ¶ 17.)[2]

Based on the above allegations, Hanrahan asserts, on behalf of two putative classes, two Counts, titled, respectively, "Violation of the Fair Debt Collection Practices Act, 15 USC § 1692 et seq." and "Violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788.17."

**LEGAL STANDARD**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a "court shall grant

---

[2] Although, in the FAC, Hanrahan also alleges the letter falsely stated she "could be made responsible for attorney's fees and costs" (see FAC ¶ 10), Hanrahan, in moving for summary judgment, relies solely on the two statements referenced above (see Mem. in Supp. of Mot. for Partial Summ. J. at 6:9-18).

1  summary judgment if the movant shows that there is no genuine issue as to any material
2  fact and that the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P.
3  56(a).
4  　　　　The Supreme Court's 1986 "trilogy" of Celotex Corp. v. Catrett, 477 U.S. 317
5  (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Matsushita Electric
6  Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986), requires that a party seeking
7  summary judgment show the absence of a genuine issue of material fact.  Once the
8  moving party has done so, the nonmoving party must "go beyond the pleadings and by
9  [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on
10 file, designate specific facts showing that there is a genuine issue for trial."  See Celotex,
11 477 U.S. at 324 (internal quotation and citation omitted).  "When the moving party has
12 carried its burden under Rule 56[ ], its opponent must do more than simply show that
13 there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586.
14 "If the [opposing party's] evidence is merely colorable, or is not significantly probative,
15 summary judgment may be granted."  Liberty Lobby, 477 U.S. at 249-50 (citations
16 omitted).  "[I]nferences to be drawn from the underlying facts," however, "must be viewed
17 in the light most favorable to the party opposing the motion."  See Matsushita, 475 U.S. at
18 587 (internal quotation and citation omitted).

**DISCUSSION**

20 　　　　By her Motion for Partial Summary Judgment, Hanrahan seeks judgment in her
21 favor on the issues of liability and statutory damages under both the Fair Debt Collection
22 Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act
23 ("Rosenthal Act").
24 **A. Liability**
25 　　　　Under the FDCPA, "[a] debt collector may not use any false, deceptive, or
26 misleading representation or means in connection with the collection of any debt."  See
27 15 U.S.C. § 1692e.  Under the Rosenthal Act, a violation of § 1692e is a violation of the
28 Rosenthal Act.  See Cal. Civ. Code § 1788.17 (providing, "every debt collector collecting

or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j [of the FDCPA]").

Here, as noted, Hanrahan alleges Statewide's collection letter falsely stated: "If a judgment is entered it will be reported on your client's credit with **Equifax, TransUnion & Experian** for seven years and if not satisfied, renewed for another seven years." (See Compl. Ex. A (emphasis in original).)

It is undisputed that the collection letter contains a false statement to the extent it told Hanrahan a judgment would be reported on her credit report; in July 2017, as Statewide concedes, the credit reporting agencies stopped reporting judgments.[3] Contrary to Hanrahan's argument, however, Statewide did not misstate the law as to the length of time in which a judgment can lawfully be reported by a credit reporting agency. In particular, Hanrahan's citation to 15 U.S.C. § 1681c is unavailing. Although, as set forth therein, credit reports may not contain "[c]ivil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period," see 15 U.S.C. § 1681c(a)(2), a California judgment, as Statewide points out, is enforceable for a period of ten years from the original date of entry, see Cal. Civ. Code § 683.020, and is renewable for an additional ten years, see id. § 683.120; see also Massey v. On-Site Manager, Inc., 285 F.R.D. 239, 247 (E.D.N.Y. Aug. 23, 2012) (noting, under 15 U.S.C. § 1681c(a)(2), renewed judgments can be "legitimately reported" on credit reports).

The Court next considers Statewide's contention that, as to the concededly false statement, the bona fide error defense precludes a judgment of liability.

The FDCPA "excepts from liability those debt collectors who satisfy the 'narrow' bona fide error defense," see McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637

---

[3] Contrary to Statewide's argument, Statewide's compliance with the notice requirements listed in the California Consumer Credit Reporting Agencies Act ("CCRA"), see Cal. Civ. Code § 1785.26, do not preclude a finding of liability. As set forth on the record at the hearing, the CCRA, in imposing such obligations, does not allow debt collectors to include false statements in their notices.

4

F.3d 939, 948 (9th Cir. 2011) (citation omitted), which defense provides:

> A debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error,

see 15 U.S.C. § 1692k(c). Section 1788.30 of the Rosenthal Act contains a similar bona fide error defense. See Cal. Civ. Code § 1788.30(e) (providing "[a] debt collector shall have no civil liability . . . for a violation of this title, if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation").

The Court first finds such defense applies not only to clerical errors but also to "factual mistakes." See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010) (noting, under bona fide error defense, "the broad statutory requirement of procedures reasonably designed to avoid 'any' bona fide error indicates that the relevant procedures are ones that help to avoid errors like clerical or factual mistakes"). Here, although the undisputed evidence shows the misstatement of fact in the collection letter was not made with knowledge of its falsity (see Suppl. Decl. of Troy Wilkinson ("Wilkinson Suppl. Decl.") ¶ 6), the Court, for the reasons discussed below, finds the bona fide error defense is not, in this instance, available to Statewide.[4]

For the bona fide error defense to apply, Statewide must have had, at the time it sent the collection letter, procedures in place that were "reasonably adapted to avoid the

---

[4] As set forth above, the party moving for summary judgment bears the burden of showing there is no genuine issue as to any material fact. As to affirmative defenses, however, the law is unclear as to whether a plaintiff, as the moving party, bears such burden. See Radford v. Berg Homes LLC, No. CV-18-00287-PHX-DWL, 2020 WL 619697, at *3 & n.4 (D. Ariz. Feb. 10, 2020) (noting, where plaintiff moves for summary judgment, "split of authority" on issue of which party bears burden of proof as to affirmative defenses). Nevertheless, the Court need not resolve that issue herein, as both parties have been given, by way of supplemental briefing, the opportunity to submit their best evidence on the bona fide error defense, the remaining question being whether the parties' respective evidentiary submissions reflect a "genuine issue for trial." See Celotex, 477 U.S. at 324 (internal quotation and citation omitted).

specific error at issue," see McCollough, 637 F.3d at 948 (internal quotation and citation omitted), which, in this instance, was an incorrect statement regarding credit industry practice. Consequently, even assuming the above-referenced change was, as Statewide asserts, "unprecedented" (see Def.'s Suppl. Br. at 3:2-4), Statewide was required to maintain procedures "reasonably adapted" to avoid its incorrect reporting of credit industry practice, see 15 U.S.C. § 1692k(c), and, as Hanrahan points out, there is no evidence to support a finding that Statewide maintained any such procedures (see Wilkinson Suppl. Decl. ¶¶ 2-5 (describing procedures intended to ensure compliance with "federal and state laws and regulations")).

Moreover, the change was noteworthy and widely reported. (See Pl.'s Suppl. Br. at 5:11-15 (pointing to "significant number of major news outlets [that] reported the credit bureau policy change throughout 2017[,] including The New York Times, The Wall Street Journal, Forbes, Los Angeles Times, San Francisco Chronicle, Credit Reports, USA Today, NBC News, Inside ARM, and AccountsRecovery.net"); see also Suppl. Decl. of Daniel Zemel ¶¶ 3-15 (collecting relevant news articles).)[5] Despite such news coverage, however, Statewide did not become aware of the change until the instant action was filed, a date more than two years after the change took place. (See Wilkinson Suppl. Decl. ¶ 7 (noting Statewide "learned that the credit reporting agencies stopped reporting civil judgments" upon "receiv[ing] [Hanrahan's] lawsuit").)

Lastly, the Court is not persuaded by Statewide's argument that the medical debt claimed here is not a "consumer credit transaction" and thus not covered by the Rosenthal Act. See Cal. Civ. Code § 1788.2(e)(f) (defining "consumer debt" as "money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction"). As explained in Gouskos v. Aptos

---

[5] Hanrahan's unopposed request for judicial notice of the above-referenced news articles is hereby GRANTED. See Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time." (internal quotation and citation omitted)).

Village Garage, Inc., 94 Cal. App. 4th 754 (Cal. Ct. App. 2001), "there is a consumer credit transaction when the consumer acquires something without paying for it." See Gouskos, 94 Cal. App. 4th at 759. Here, there is no dispute that Hanrahan received medical treatment in January 2016 and made no payment for such services until after she received Statewide's collection letter in 2018. Although, in Gouskos, the Court of Appeal found the debt there at issue was not covered by the Rosenthal Act, Statewide's reliance on such finding is misplaced, as the facts on which it was based are readily distinguishable from those presented here. See id. at 760 (finding Rosenthal Act did not apply to charges for vehicle repairs where plaintiff never regained possession of vehicle after failing to pay; noting, "in the automobile repair context[,] there rarely would exist a consumer credit transaction because repair shops typically do not release repaired vehicles without payment").

Accordingly, for the reasons stated above and on the record at the hearing, the Court finds Statewide violated the FDCPA and Rosenthal Act.

**B. Statutory Damages**

The Court next considers whether Hanrahan has shown she is entitled to the maximum amount of statutory damages under the FDCPA and Rosenthal Act.

It is undisputed that, under the FDCPA, a prevailing party may recover a maximum of $1,000 in statutory damages. See 15 U.S.C. § 1692k(a) (providing, "any debt collector who fails to comply with any provision" of FDCPA is liable for actual damages and "such additional damages as the court may allow, but not exceeding $1,000"). The parties do, however, dispute the maximum amount of statutory damages available to a prevailing party under the Rosenthal Act.

The Rosenthal Act provides for statutory damages in two separate sections. First, in a section pertaining to specified violations of the FDCPA, including the violation claimed here, the Act provides that the "debt collector . . . shall be subject to the remedies in Section 1692k of [the FDCPA]." See Cal. Civ. Code § 1788.17; see also 15 U.S.C. § 1692k(a) (providing for statutory damages in an amount "not exceeding

$1,000"). Second, in a general section pertaining to damages for all acts constituting violations of the Rosenthal Act, the Act provides that a "debt collector who willfully and knowingly violates this title . . . shall be liable . . . for a penalty . . ., which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000)." See Cal. Civ. Code § 1788.30(b).

Based on the above three statutes, Hanrahan argues she is entitled to recover a total of $3,000. In response, Statewide argues Hanrahan is limited to recovering a maximum of $1,000 in statutory damages under the Rosenthal Act, which amount, when coupled with the $1,000 maximum under the FDCPA, results in a total potential award of $2,000. Neither party has cited to a California case addressing the question, and, to the extent the parties cite to various district court decisions, those courts are not in agreement. See, e.g., Johnson v. CFS II, Inc., No. 12-cv-01091, 2013 WL 1809081, at *10-11 (N.D. Cal. Apr. 28, 2013) (awarding statutory damages under FDCPA and sections 1788.17 and 1788.30(b) of the Rosenthal Act); Mejia v. Marauder Corp., No. C06-00520, 2007 WL 806486, at *11-12 (N.D. Cal. Mar. 15, 2007) (finding, where plaintiff awarded statutory damages under section 1788.30(b), plaintiff not entitled to additional award under section 1788.17).

The Court, having considered the matter, finds, for the reasons set forth on the record at the hearing, Hanrahan is not precluded from recovering statutory damages under all three statutes. In particular, the language of the Rosenthal Act reflects an intent to allow recovery under both of its damages sections, see Cal. Civ. Code § 1788.17 ("Notwithstanding any other provision of this title, every debt collector . . . shall be subject to the remedies in Section 1692k."); see also Cal. Civ. Code § 1788.32 ("The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law."), and there is nothing in the language of the Rosenthal Act, or for that matter, in the FDCPA, suggesting a prevailing party is not entitled to seek an award of statutory damages under both the

Rosenthal Act and the FDCPA.[6]

At this stage of the proceedings, however, Hanrahan has failed to show she is, as a matter of law, entitled to the maximum amount available under either Act. First, as to awards under the FDCPA and section 1788.17, the Court, in determining the amount of statutory damages, is required to "consider, among other relevant factors[,] . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional," see 15 U.S.C. § 1692k(b)(1); see also Cal. Civ. Code § 1788.17, and, on the record presented to date, a triable issue remains as to the appropriate amount. Second, as to section 1788.30(b), Hanrahan has submitted no evidence to support a finding that Statewide acted "willfully and knowingly," see Cal. Civ. Code § 1788.30(b), and, consequently, at best, a triable issue remains as to an award thereunder.

## CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment is hereby GRANTED in part and DENIED in part as follows:

1. To the extent Hanrahan seeks summary judgment on the issues of liability and entitlement to seek statutory damages up to a total of $3,000, the motion is GRANTED.

2. To the extent Hanrahan seeks summary judgment as to the amount of statutory damages, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: December 23, 2020

MAXINE M. CHESNEY
United States District Judge

---

[6] Of course, it goes without saying that a prevailing party is not entitled to more than one award of actual damages.