# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 1. Notice of Appeal from a Judgment or Order of a United States District Court

Name of U.S. District Court: NORTHERN DISTRICT COURT

U.S. District Court case number: 3:19-cv-00157-MMC

Date case was first filed in U.S. District Court: 01/10/2019

Date of judgment or order you are appealing: JUNE 14, 2021

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

● Yes   ○ No   ○ IFP was granted by U.S. District Court

**List all Appellants** *(List each party filing the appeal. Do not use "et al." or other abbreviations.)*

DEFENDANT STATEWIDE COLLECTION, INC.

Is this a cross-appeal? ○ Yes   ● No

If Yes, what is the first appeal case number?

Was there a previous appeal in this case?   ○ Yes   ● No

If Yes, what is the prior appeal case number?

Your mailing address:

Ellis Law Group, LLP

1425 River Park Drive, Suite 400

City: Sacramento   State: CA   Zip Code: 95815

Prisoner Inmate or A Number (if applicable):

**Signature** /s/ Mark E. Ellis     **Date** July 13, 2021

*Complete and file with the attached representation statement in the U.S. District Court*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 1**                                                                Rev. 12/01/2018

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH HANRAHAN,<br><br>Plaintiff,<br><br>v.<br><br>STATEWIDE COLLECTION, INC.,<br><br>Defendant. | Case No. 19-cv-00157-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

Before the Court is plaintiff Leah Hanrahan's ("Hanrahan") "Motion for Attorney's Fees and Costs," filed March 25, 2021. Defendant Statewide Collection, Inc. ("Statewide") has filed opposition, to which Hanrahan has replied. Having read and considered the papers submitted in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND[2]

After Hanrahan "incurred a medical debt with Mad River Hospital," her "bill" was sent to Statewide for collection, whereupon Statewide sent her a collection letter, dated January 23, 2018. (See FAC ¶¶ 6-8; see also Compl. Ex. A.) According to Hanrahan, the collection letter was "false, deceptive and misleading" (see id. ¶ 9) to the extent it (1) "threaten[ed] that if a judgment [was] obtained against [her], it w[ould] be reported to each of Equifax, TransUnion and Experian, and . . . w[ould] remain there for seven years" (see id. ¶ 16), and (2) "implie[d] that after the seven years of negative reporting is complete,

---

[1] By order filed May 10, 2021, the Court took the matter under submission.

[2] The following facts are taken from the First Amended Complaint ("FAC").

[Statewide] w[ould] then renew the judgment resulting in it reporting for an additional seven years" (see id. ¶ 19).

Based on the above, Hanrahan, on January 9, 2019, filed the instant action, asserting two Counts, titled, respectively, "Violation of the Fair Debt Collection Practices Act ['FDCPA'], 15 USC § 1692 et seq." and "Violation of the Rosenthal Fair Debt Collection Practices Act ['Rosenthal Act'], California Civil Code §§ 1788.17."

By order filed December 23, 2020, the Court granted in part and denied in part Hanrahan's Motion for Partial Summary Judgment, finding Hanrahan was entitled to summary judgment on the issue of liability under the FDCPA and Rosenthal Act but was not entitled to summary judgment on the issue of statutory damages under either Act.

On February 8, 2021, Hanrahan filed a Notice of Acceptance of Offer of Judgment, whereby she accepted Statewide's offer, made on February 1, 2021, pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule 68 Offer"), to have judgment entered against it in the amount of $7,500. (See Doc. No. 82 (Not. of Acceptance of Offer); Doc. No. 82-1 (Rule 68 Offer).) In accordance therewith, the Court, by order issued later that same date, entered judgment against Statewide "in the amount of $7,500, exclusive of attorney's fees and costs" and stated "fees and costs [would] be determined by the Court upon noticed motion." (See Order, filed Feb. 8, 2021.)

## DISCUSSION

By the instant motion, Hanrahan seeks an award of attorney's fees in the amount of $62,846.25,[3] as well as an award of costs in the amount of $3,135.05.

//

---

[3] In her Reply, Hanrahan states she seeks attorney's fees in the amount of $62,898.75. (See Reply at 15:1-2.) Although Statewide, pointing to the Affidavit and Supplemental Affidavit of Time and Expense submitted on her behalf, notes Hanrahan has overstated by $252.50 the total amount of attorney's fees sought, the Court notes those same affidavits contain, as to one entry, an error understating by $200 the amount of fees incurred (see Aff. of Time & Expense at 10 (calculating $2,000 in fees for 5.5 hours expended on September 1, 2020, at an hourly rate of $400)), the net result being an overstatement in the amount of $52.50. In sum, as to fees, the amount Hanrahan actually seeks is $62,846.25.

2

I.  **Entitlement to Award**

Under the FDCPA, "any debt collector who fails to comply with its provisions is liable 'in the case of any successful action . . . [for] the costs of the action, together with a reasonable attorney's fee as determined by the court.'" See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (quoting 15 U.S.C. § 1692k(a)(3)). "The FDCPA's statutory language makes an award of fees mandatory." See id.

In the instant action, Statewide, in opposing Hanrahan's motion, is "not . . . argu[ing] that [Hanrahan] should be denied all fees and costs requested," but, rather, that the amount claimed is not reasonable; in particular, according to Statewide, such sum exceeds what was "required to vindicate [Hanrahan's] alleged injuries." (See Opp. at 10:18-21.)[4] The Court thus turns to the issue raised by Statewide's challenge.

II. **Amount of Attorney's Fees**

To determine the amount of attorney's fees to be awarded, a district court first must calculate a "lodestar" amount "by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." See Camacho, 523 F.2d at 978 (internal citation omitted). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." See id. (internal citation omitted).

A.  **Total Hours**

Here, Hanrahan seeks attorney's fees for 127.95 hours of work completed by attorney Daniel Zemel ("Zemel") and 27.45 hours of work completed by attorney Elizabeth Apostola ("Apostola").[5]

---

[4] In light thereof, the Court does not address herein Statewide's assertion that the Court "ha[s] the authority" to "den[y] all fees and costs." (See id. at 10:18-19; see also id. at 10:11-17.)

[5] The number of hours for Zemel and Apostola are calculated using the above-referenced Affidavit and Supplemental Affidavit of Time and Expense, adjusted to reflect Hanrahan's concession, in her Reply, that "it would be redundant to bill for [two attorneys'] time for th[e] task" performed on July 8, 2019, and July 23, 2019 (see Reply at

3

### 1. Categorical Challenges

At the outset, Statewide contends various hours for which Hanrahan seeks attorney's fees should not, as a categorical matter, be awarded. As set forth below, the Court is not persuaded.

#### (1) Attorney's Fees Incurred Prior to Admission Pro Hac Vice

Statewide argues no fees should be awarded for any work completed by out-of-state counsel Zemel and Apostola prior to their admission pro hac vice in the instant action on May 23, 2019, and February 4, 2021, respectively.

To practice before this Court, "an attorney must be a member of the bar of this Court," and to be eligible for such membership, "an attorney must be an active member in good standing of the State Bar of California." See Civ. L.R. 11-1(a)-(b). "An attorney who is not a member of the bar of this Court," however, "may apply to appear pro hac vice in a particular action in this district." See id. 11-3(a). Although "[f]ailure . . . to properly and timely secure pro hac vice admission . . . [is] a sufficient reason to deny [an] application for attorneys' fees," see Idaho Sporting Cong., Inc. v. Alexander, 23 F. App'x 713, 714 (9th Cir. 2001), the Ninth Circuit has held there are two instances in which a party may recover fees for work performed by an out-of-state attorney who has not secured pro hac vice admission: (1) where "the attorney at issue would have certainly been permitted to appear pro hac vice as a matter of course had he or she applied," or (2) where the attorney's "conduct did not rise to the level of 'appearing' before the . . . court," see Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 822-823 (9th Cir. 2009).

Although, as noted, Statewide challenges the pre-admission hours sought for both attorneys, it only discusses the hours attributed to Apostola and, in so doing, only addresses the second of the above-referenced exceptions; in particular, according to

---

7:11-13), and her conceded error in attributing to Apostola, rather than Zemel, 0.4 hours spent on October 25, 2019, for a "Conference with Court[] and preparation" (see Aff. of Time & Expense at 6; see also Reply at 14:20-23).

4

Statewide, Apostola's participation in the case constituted, from the outset, an appearance. As Hanrahan points out, however, Zemel, fairly early in the proceedings, and Apostola, eventually, applied for and were granted leave to appear pro hac vice in the instant action, and there is no reason to believe they would not have been admitted "as a matter of course" had they applied at the outset of the litigation. See Santiago v. Equable Ascent Fin., No. C 11-3158 CRB, 2013 WL 3498079, at *4 & n.3 (N.D. Cal. July 12, 2013) (holding plaintiff could recover fees for work completed by out-of-state attorney prior to attorney's admission pro hac vice; noting attorney "was 'eligible' for pro hac vice admission" as matter of course).

Consequently, Hanrahan is entitled to recover reasonable attorney's fees for work completed by Zemel and Apostola prior to their admission pro hac vice.

### (2) Attorney's Fees Incurred for Motion to Compel

Statewide argues Hanrahan "needlessly incurred" fees in connection with her Motion to Compel, filed January 6, 2020, because, according to Statewide, the motion was "procedurally-defunct and summarily-denied" (see Opp. at 10:27-11:1) for failure to comply with "the Court's local rules regarding motion practice" (see id. at 4:12-15). Contrary to Statewide's characterization of said ruling, however, the reason for the denial was not a failure to comply with a local rule of this District, or any order by this Court, but, rather, with a standing order of the Magistrate Judge to whom the motion was referred after the motion was filed. (See Doc. No. 46 at 1:13-19 (denying motion to compel, without prejudice, for failure to present arguments contained therein "by a joint letter brief"; attaching Standing Order).)

As Hanrahan, at the time she filed the Motion to Compel, would not have been aware of a need to comply with the above-referenced standing order, she is entitled to recover reasonable attorney's fees incurred in connection with that motion.

### (3) Attorney's Fees Incurred After August 3, 2020 Offer

Statewide argues no fees should be awarded for work completed after August 3, 2020, the date on which Statewide offered to settle the instant action for a total of

5

$25,000, because such amount, according to Statewide, was roughly equal to the sum of Hanrahan's damages and reasonable attorney's fees and costs incurred as of that date. (See Opp. at 11:6-12.)

Statewide's determination of Hanrahan's reasonable attorney's fees incurred as of August 3, 2020, however, reflects Statewide's above-described arguments, specifically, that Hanrahan is not entitled to recover fees for work completed prior to her attorneys' admission pro hac vice or for work performed in connection with her Motion to Compel (see Opp. at 10:27-11:12), both of which arguments the Court, as discussed above, has rejected.

Consequently, Hanrahan is entitled to recover reasonable attorney's fees incurred after August 3, 2020.

### (4) Attorney's Fees Incurred After Rule 68 Offer

Statewide argues no fees should be awarded for work completed after Hanrahan's receipt of its Rule 68 Offer on February 1, 2021, and opportunity to review it later that date, because, according to Statewide, the offer's terms limited Hanrahan's recovery of attorney's fees to fees incurred as of that time.

The Rule 68 Offer states, in relevant part, as follows:

> Defendant STATEWIDE COLLECTION, INC. offers to pay Plaintiff LEAH HANRAHAN the total sum of Seven Thousand Five Hundred Dollars ($7,500), exclusive of attorney's fees and costs incurred in this action, which fees and costs shall be determined by the Court upon noticed motion.

(See Doc. No. 82-1.)

A settlement offer may be conditioned upon a total or partial waiver of attorney's fees, but "[a]ccepting such an offer constitutes waiver . . . only if the waiver is 'clear and unambiguous.'" See Guerrero v. Cummings, 70 F.3d 1111, 1113 (9th Cir. 1995) (internal citation omitted). "The usual rules of contract construction apply to interpreting the terms of a Rule 68 settlement offer." See id. (internal quotation and citation omitted).

Here, contrary to Statewide's assertion, the language of the Rule 68 Offer does not clearly and unambiguously limit recovery to fees incurred up to the time the offer was

6

made.[6] Rather, the Rule 68 Offer here, in contrast to offers federal courts have found clearly and unambiguously limited recovery to fees incurred as of the time those offers were made, can reasonably be understood to include attorney's fees incurred throughout the course of the litigation. See, e.g., Guerrero, 70 F.3d at 1113 (finding Rule 68 Offer clear and unambiguous where offer provided for reasonable attorney's fees and costs "*incurred by this plaintiff prior to the date of this offer* in an amount to be set by the court" (emphasis in original)); Pearson v. Nat'l Credit Sys., Inc., No. CV 10-526-PHX-MHM, 2010 WL 5146805, at *3 (N.D. Cal. Dec. 13, 2010) (finding Rule 68 Offer clear and unambiguous where offer provided for "[p]laintiff's costs and reasonable attorney fees **now accrued**" (emphasis in original)). Indeed, as Hanrahan points out, language used in an offer in all material respects identical to the offer here at issue has been found insufficient to "place a limit on post-judgment fees." See Scott v. Fed. Bond & Collection Serv., Inc., No. 10-cv-02825-LHK, 2011 WL 3652531, at *2 (N.D. Cal. Aug. 19, 2011) (considering Rule 68 offer stating "[p]laintiff [is] to be awarded her reasonable attorney's fees and costs incurred in this action"; distinguishing Rule 68 offer providing for attorney's fees and costs "through the date of this offer" (internal citations omitted)).

Consequently, Hanrahan is entitled to recover reasonable attorney's fees incurred after the Rule 68 Offer was made.

### (5) Attorney's Fees Incurred in Connection with Reply

In her Reply, Hanrahan requests additional attorney's fees be awarded for preparation of the Reply and, in support thereof, has submitted a Supplemental Affidavit of Time and Expense. (See Reply at 12:5-6.)

Statewide objects to the Supplemental Affidavit as "new evidence" improperly submitted with the Reply that "should not be considered." (See Def.'s Objs. to Reply

---

[6] To the extent Statewide may be arguing Rule 68 itself limits Hanrahan's recoverable fees and costs to those incurred as of the time of the offer (see Opp. at 17:11-16 (quoting Rule 68 and emphasizing "with costs then accrued")), the case to which it cites, Marek v. Chesny, 473 U.S. 1 (1985), does not so hold, and, indeed, the plaintiff therein had rejected the Rule 68 offer, see id. at 4.

Evid. at 3:21-24 (internal citation omitted).) Courts, however, "routinely consider the amount of hours worked through the reply brief in considering a motion for attorneys' fees," and, in so doing, "may properly consider" evidence submitted with the reply "to substantiate the attorney time spent on the reply brief." See Rodgers v. Fitzgerald, No. 14-CV-00985-DMR, 2016 WL 4658974, at *6, *8 (N.D. Cal. Sept. 7, 2016) (collecting cases).

Consequently, the Court, in resolving the instant motion, will consider the Supplemental Affidavit of Time and Expense submitted on Hanrahan's behalf.[7]

### 2. Challenges to Specific Hours

The Court next turns to specific hours that Statewide challenges as unreasonably spent. As set forth below, those challenges essentially fall into four separate groups.

#### (1) Redundant Work

Statewide challenges a number of hours on the ground those hours are redundant, as they reflect work completed by both Zemel and Apostola on the same task for which, according to Statewide, only one attorney was necessary. (See, e.g., Opp. at 12:25-13:2 (5/6/19 – Zemel & Apostola – 1.6 hrs – "Drafting motion to amend complaint and FAC"); id. at 13:7-11 (6/3/19 – Zemel & Apostola – 0.4 hrs – "Reviewing Court's order regarding amendment"); id. at 14:14-17 (8/12/19 – Zemel & Apostola – 0.4 hrs – "Review Declaration from Transunion; send to OPC; email Experian and Equifax").)[8]

"[A] court may reduce the number of hours awarded because the lawyer performed unnecessarily duplicative work." Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008). "It is not uncommon and indeed is often necessary," however, "for several attorneys to review the same [c]ourt order, or for several attorneys

---

[7] Statewide has raised, in addition to the above-referenced objection, a number of objections to evidence submitted by Hanrahan. To the extent the Court has relied on any such evidence herein, the objection(s) thereto are overruled. To the extent the Court has not relied on such evidence, the Court does not reach the objection(s).

[8] Specific hours challenged by Statewide are identified using the following format: date of time entry – attorney(s) – total hours spent – description of work performed.

8

to edit the same document"; of course, the billed hours must still be "reasonable." See Doe v. Prudential Ins. Co. of Am., 258 F. Supp. 3d 1089, 1096 (C.D. Cal. 2017); see also Kim v. Fujikawa, 871 F.2d 1427, 1435 n.9 (9th Cir. 1989) (noting, "the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort").

Here, the Court finds it appropriate to exclude the following hours for the reason that the tasks performed do not appear to have required more than one attorney to perform them: (1) the entirety of the 0.2 hours spent by Apostola on August 12, 2019, described as "Review Declaration from TransUnion; sent to OPC; email Experian and Equifax," given Zemel's identical time entry for the same task (see Aff. of Time & Expense at 5); (2) the entirety of the 0.3 hours spent by Apostola on September 16, 2019, described as "Email w/OPC re: Rule 37 letter," given Zemel's identical time entry for the same task (see id.); and (3) the entirety of the 0.2 hours spent by Apostola on January 4, 2021, described as "Email w/OPC re: upcoming conference," given Zemel's identical time entry for the same task (see id. at 11).

The Court finds the remaining hours challenged by Statewide were not redundant.[9]

**(2)  Excessive Hours Worked**

Statewide challenges a number of hours as excessive in light of the nature of the work completed. (See, e.g., Opp. at 13:3-6 (5/22/19 – Apostola – 0.8 hrs – "Drafting pro hac admission application and sending to local counsel"); id. at 14:5-9 (8/11/19 – Zemel – 1.2 hrs – "Review Experian response subpoena").)

In that regard, the Court finds it appropriate to reduce or exclude the following hours challenged by Statewide: (1) 0.5 of the 0.8 hours spent by Apostola on May 22, 2019, in completing a one-page form application for admission pro hac vice (see Aff. of

---

[9] To the extent Statewide challenges specific hours on multiple grounds, the Court has considered all such grounds in determining whether the hours are reasonable, and, if the Court has not accepted the challenge on one of the asserted grounds and has accepted it on another, the Court has identified those challenged hours in the section covering the alternative ground.

9

Time & Expense at 2); (2) 0.1 of the 0.2 hours spent by Zemel, as well as the entirety of the 0.2 hours spent by Apostola, on June 3, 2019, reviewing the Court's order granting Hanrahan's Motion for Leave to Amend Complaint, in that the Court signed the two-sentence proposed order submitted by Hanrahan (see id. at 3; see also Order, filed June 3, 2019); (3) 0.1 of the 0.3 hours spent by Zemel, as well as 0.1 of the 0.3 hours spent by Apostola, on January 10, 2020, in reviewing Magistrate Judge Kim's Standing Order and one-page order denying Hanrahan's motion to compel (see Aff. of Time & Expense at 7; see also Doc. No. 46); (4) 0.4 of the 1 hour spent by Apostola on March 9, 2020, updating a joint case management statement with Zemel, who spent 0.3 hours (see Aff. of Time & Expense at 8; see also Doc. No. 49 ([Third] Revised Joint Case Management Statement)); (5) 3 of the 4 hours spent by Apostola on September 4, 2020, drafting and editing Hanrahan's motion for summary judgment (see Aff. of Time & Expense at 10) with Zemel, who spent 21 hours (see id.), and which motion included a separately-filed "Statement of Undisputed Material Facts" that, contrary to Hanrahan's assertion, she did not "need[] to prepare" (see Reply at 9:3-6); and (6) 0.1 of the 0.2 hours spent by Zemel on September 11, 2020, in reviewing a three-sentence docket entry stating a previously scheduled status conference would be conducted by telephone (see Aff. of Time & Expense at 10; see also Reply at 9:7-8; Doc. No. 55 (Clerk's Notice)).

The Court finds the remaining hours challenged by Statewide were not excessive.

### (3) Ministerial Work

Statewide challenges the total 0.6 hours spent by Apostola on June 14, 2019, and June 20, 2019, in "[p]reparing [a] hard copy of discovery for mailing" and "serv[ing] [a] subpoena to CRAs [Credit Rating Agencies]," respectively, on the ground that the tasks are "ministerial" and thus can be completed by "a legal assistant or secretary." (See Opp. at 13:12-20.)

"[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them." Davis v. City & Cty. of S.F., 976 F.2d 1536, 1543 (9th Cir. 1992) (alteration in original) (quoting Missouri v. Jenkins, 491 U.S.

10

274, 288 n.10 (1989)), opinion vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Such clerical tasks include serving and filing papers, see id., as well as organizing documents, see Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009).

Although Hanrahan states the above-referenced tasks entailed "draft[ing] up a cover letter for the mailing," "ensuring all documents were properly put together," and contacting subpoena recipients "to ensure they could provide the necessary production" (see Reply at 6:22-7:2, 7:4-5), the Court finds those tasks as well are more appropriately performed by a secretary or, at most, a paralegal,[10] and, accordingly, will exclude the entirety of the above-referenced 0.6 hours.

### (4) Inadequately Documented Work

Statewide challenges a few claimed hours as being "inadequately documented." (See Opp. at 14:1-4 (8/9/19 – Zemel – 0.3 hrs – "Conference"); see also, e.g., id. at 14:10-13 (8/12/19 – Zemel & Apostola – 0.4 hrs – "Review Court Orders").)

A court may reduce the number of hours awarded where the descriptions of those hours "are too vague for the [c]ourt to assess [their] reasonableness." See Primero Garcia v. Barr, 484 F. Supp. 3d 750, 757 (N.D. Cal. 2020).

Here, the Court finds it appropriate to exclude the following hours challenged by Statewide: (1) the entirety of the 0.3 hours spent by Zemel on August 9, 2019, described as "Conference," given the 0.3 hours Zemel spent that same date with the description "Calling OPC and court re: conference" (see Aff. of Time & Expense at 4); and (2) the entirety of the 0.4 total hours spent by Zemel and Apostola on August 12, 2019, reviewing unspecified "Court Orders" (see id. at 4-5).

### 3. Conclusion: Total Hours

In sum, having reviewed the Affidavit and Supplemental Affidavit of Time and Expense submitted by Hanrahan, as well as the record in the instant action, the Court will

---

[10] Hanrahan has not submitted a claim for any work performed by a paralegal, and the Court has not otherwise been provided with an hourly rate for paralegals.

11

exclude 0.8 hours for Zemel and 5.7 hours for Apostola as not having been reasonably expended in litigating the instant action and finds the remaining hours were reasonably expended, specifically, 127.15 hours for Zemel and 21.75 hours for Apostola.

The Court next turns to the issue of the reasonable hourly rate of compensation for Zemel and Apostola.

### B. Hourly Rate

A reasonable hourly rate "is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." See Camacho, 523 F.3d at 979 (internal quotation and citation omitted). "[T]he relevant community is the forum in which the district court sits." Id.

In moving for an award of attorney's fees, the movant bears the burden "to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation"; "[a]ffidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." See Camacho, 523 F.3d at 980 (alterations in original) (internal citations omitted). The opposing party, in turn, "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." See id. (alteration in original) (internal citation omitted).

Here, Hanrahan seeks an award at the hourly rates of $400 for Zemel, who has been practicing law since 2014 (see Decl. of Daniel Zemel ("Zemel Decl.") ¶¶ 5, 9), and $425 for Apostola, who has been practicing law since 2006 (see Decl. of Elizabeth Apostola ("Apostola Decl.") ¶¶ 4-5). In support thereof, Hanrahan (1) has submitted declarations from both attorneys; (2) points to the $425 median hourly rate for consumer lawyers in San Francisco, as reported in the "United States Consumer Law Attorney Fee Survey Report" for 2017-2018, see Zemel Decl. Ex. 3 (United States Consumer Law

12

Attorney Fee Survey Report (2017-2018)) at 236,[11] as well as the hourly rates reported for various years of experience in the "*Laffey* Matrix," see Zemel Decl. Ex. 2 (*Laffey* Matrix),[12] which matrix, Hanrahan contends, should be increased by 9% to reflect rates appropriate for the Bay Area; and (3) cites to seven FDCPA cases, decided in this District between 2014 and 2017 (see Mot. at 10:19-11:13).

Although Statewide agrees the appropriate hourly rate for Zemel is $400, it argues the appropriate hourly rate for Apostola likewise is $400, rather than the requested $425. (See Opp. at 20:25-26, 21:1-2; Decl. of Mark Ellis ¶ 9.) With respect to Zemel, the Court, having reviewed the evidence submitted, agrees a $400 hourly rate is reasonable. With respect to Apostola, the Court, as set forth below, agrees with Statewide that a $400 hourly rate is reasonable.

Although Apostola has been practicing law for approximately 14 years, it was only in "the last five years" that she developed experience with FDCPA litigation. (See Apostola Decl. ¶ 5.) Given such circumstance, the United States Consumer Law Attorney Fee Survey Report, which as well as being cited by Hanrahan, has been considered by a number of district courts "to be valid evidence of prevailing hourly rates in FDCPA . . . cases," see Klein v. L. Offs. of D. Scott Carruthers, No. C15-00490 CRB, 2015 WL 3626946, at *3 (N.D. Cal. June 10, 2015), supports an award using an hourly rate of $400 rather than $425, see Zemel Decl. Ex. 3 at 236-37 (listing $250 average hourly rate for San Francisco counsel with 3 to 5 years of experience practicing

---

[11] Although Hanrahan states the median hourly rate for consumer lawyers in San Francisco is $425, the Court notes the above-referenced report states the median hourly rate is $450. See id. at 236.

[12] The *Laffey* Matrix "is an inflation-adjusted grid of hourly rates for lawyers of varying levels of experience in Washington, D.C.," see Prison Legal News v. Schwarzenegger, 608 F.3d 446, 454 (9th Cir. 2010), and, given said geographic focus, the Court does not consider it herein, see id. (finding district court did not abuse discretion in declining to use *Laffey* Matrix to determine appropriate hourly rates for San Francisco-based counsel; noting, "[i]t is questionable whether the matrix is a reliable measure of rates even in Alexandria, Virginia, just across the river from the nation's capital").

13

consumer law and $425 average hourly rate for San Francisco counsel with 6 to 10 years of experience practicing consumer law). Moreover, recent FDCPA cases in this District are in accord with such an award. See Brady v. Patenaude & Felix, No. 18-CV-07305-NC, 2019 WL 5535772, at *2 (N.D. Cal. Oct. 25, 2019) (finding, in FDCPA action, hourly rates of $375 and $475 for attorneys with over 12 years and 22 years of experience, respectively, were reasonable); Garcia v. Stanley, No. 14-CV-01806-BLF, 2017 WL 897429, at *4 (N.D. Cal. Mar. 7, 2017) (finding, in FDCPA action, hourly rates of $400 and $500 for attorneys with 9 years and 19 years of experience specializing in consumer credit litigation, respectively, were reasonable).

### C. Conclusion: Amount of Attorney's Fees

Based on the foregoing, the product of the number of hours and the hourly rates results in a lodestar figure of $59,560.[13]

A "district court can," however, "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." See Moreno v. City of Sacramento, 534 F.3d 1106, 1122 (9th Cir. 2008). Here, given the relative size of the lodestar as compared with the settlement amount, the Court finds it appropriate to impose a 10% reduction and, accordingly, will award Hanrahan $53,604 in attorney's fees.

## III. Amount of Costs

Hanrahan seeks costs in the total amount of $3,135.05. In response, Statewide argues the Court should only award the "$3,024.60 in costs incurred as of August 3, 2020," the date on which Statewide offered to settle the instant action for a total of $25,000. (See Opp. at 11:6-9.)

At the outset, the Court notes that $30.60 of the $110.7 in costs Statewide seeks to exclude appear to have been incurred prior to August 3, 2020 (see Zemel Decl. ¶¶ 30-

---

[13] This sum is calculated as follows: (127.15 hours for Zemel x $400 hourly rate) + (21.75 hours for Apostola x $400 hourly rate).

31; id. Exs. 11-12); indeed, the only cost listed by Hanrahan after that date is $79.85 "for UPS expenses for delivery to the Court," incurred on September 9, 2020 (see id. ¶ 29; see also id. Ex. 10). Further, as discussed above, the Court declines to limit the recovery of attorney's fees to those incurred as of August 3, 2020, and, for the same reasons, declines to limit recoverable costs to that date as well.

Accordingly, having reviewed the evidence submitted by Hanrahan, the Court finds the costs she seeks were reasonably incurred, and, consequently, will award costs in the amount of $3,135.05.

## CONCLUSION

For the reasons stated above, Hanrahan's Motion for Attorney's Fees and Costs is hereby GRANTED in part and DENIED in part, and Hanrahan is awarded attorney's fees in the amount of $53,604, together with costs in the amount of $3,135.05, for a total of $56,739.05.

**IT IS SO ORDERED.**

Dated: June 14, 2021

MAXINE M. CHESNEY
United States District Judge